Wood, J.
This is a motion, filed by the plaintiff, to change the venue, in this case, from the county of Cuyahoga to the county of Greauga, for trial. The reason on which it is sought to sustain this motion is, that the cause of action has been so long and so publicly discussed, and has become so much a subject of general interest in the county' of Cuyahoga, that a fair and impartial trial can not be bad therein.
In support of this motion, the affidavit of Zalmon Fitch, president of the bank, is submitted. He deposes that a fair and impartial trial can not be had in Guy ahoga county, as he verily believes. The inquiry is, whether, from the evidence before us, this is a motion which should be granted of course, on the affidavit of the party; for nothing else, as connected with this case, has come to the knowledge of the court, to induce the belief that fair and impartial justice is not to be obtained in the county where the suit was commenced.
We have no settled rule of practice on the subject, and it would, perhaps, be difficult for any one to be precisely defined ; but such a motion must, of necessity, rest in the sound discretion of the court, under the peculiar circumstances attending each individual case.
In New York, in ordinary cases, the courts exercise the power of changing the venue, to accommodate the party who has a majority of witnesses residing in another county, under certain limitations, But when the motion is based upon the ground of excitement, it is said that when it is found that a fair trial, or no trial at all could be had, tho motion should be granted. This was the case of Messenger v. Holmes, 12 *Wend. 203, in which the court refer to the case of Bowman v. Ely, 2 Wend. 250. In the latter case, a motion was made to change the venue from Oneida *111 to Monroe, the residence of most of the witnesses; the motion was opposed by the production of the affidavits of several disinterested and respectable individuals, that, from their knowledge of the ex-citemout which prevailed in Monroe, a fair trial could not be had in that county.
The court decided not to interfere, on any speculative opinion of individuals; that they ought first to see whether the apprehensions of the party were realized, and there would then be time to interpose, and cause the course of justice to flow unpolluted by passion or prejudice.
The power to interpose and change the venue in this state, is derived from section 134 of the practice act (Swan’s Stat. 684), which provides “ that, in all cases where it shall be made to appear to the court that a fair and impartial trial can not be had in the county where the suit is pending, the court may direct the venue to be changed.” It appears to us that more confidence is due to the not less than five thousand legally qualified jurors in the county of Cuyahoga, than to suppose a fair trial can not be had there, merely upon the speculative opinion of one individual, and he a party in interest in the cause; and there is nothing else in the case to induce such belief. There is nothing in the cause of action calculated to raise an excitement, or general feeling, for the matters in controversy are five promissory notes. The record shows there has been but one attempt at a trial by jury, and it is a fact within our recollection, upon that trial, and of which we must take judicial notice, that no difficulty occurred in the selection of the jury, though they were unable to agree, and were discharged by the court; and, under the proof in the cause, such disagreement might have hapjmned in any other county in the state.
As before remarked, it is difficult to establish any general rule, applicable to all cases of this kind; but it is nevertheless certain that the defendants should not be subjected to the vexation 4;and expense of trying their case in a distant county, because the plaintiff, alone, entertains the opinion that justice can not bo administered at homo. Either party has a right to a struck jury, if application is made; and in a populous county, until even that effort is tried, the court should not interfere, without other most clear and satisfactory proof of the necessity, to the fair and impartial administration of justice, that the place of trial should be changed. Motion overruled.